# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICK DIXON, | ) | 1:10-cv-02365 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO STATE AN |
| v. | ) | AMENDED COMPLAINT |
| | ) | |
| K. ALLISON, et al., | ) | AMENDED COMPLAINT DUE |
| | ) | IN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.      **Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Centinela State Prison, brings this civil rights action against officials employed by the CDCR. Plaintiff names the following individual defendants: Kathleen Allison, Warden at the California Substance Abuse Treatment Facility at Corcoran (SATF); SATF Associate Warden T. Wan; Facility C Captain F. Vasquez; Former CDCR Secretary Matthew Cate. The events giving rise to this lawsuit occurred while Plaintiff was housed at SATF. Plaintiff claims that he was subjected to discrimination on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff alleges that on July 25, 2008, there was a prison disturbance, involving "15 Black inmates rushing 4 White inmates on the upper yard of C Facility." Plaintiff alleges that

Defendants Allison, Wan and Vasquez met weekly for 16 months, each time issuing a Program Status Report (PSR).  Plaintiff alleges that for that 16 month period, the approximately 40 White inmates were not allowed certain privileges.  They were not allowed "any yard, dayroom, phone access, jobs, education, packages, canteen, visits of any kind, law library for PLU only and a 5 minute shower every 72 hours."  Plaintiff alleges that the prison disturbance involved 19 inmates,  15 Black and 4 White.  Plaintiff was not involved in the disturbance.  Plaintiff specifically alleges that "under lockdown conditions, the approx. 40 White, non-involved inmates that weren't even on the yard or out of there cell were denied more rights than the (19) prisoners who were all involved on July 25, 2008 who were arrested and sent to the SATF/ASU Ad-Seg Unit."

As to Defendant Cate, Plaintiff alleges that once the Defendants agreed to the PSR each week, they sent the PSR via facsimile to Defendant Cate, "who then OK's the plan/idea sent to him."

   The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schiriro, 514 F.3d 878, 891 (9th Cir. 2008).  A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's membership in a protected class. Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 960, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

   "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."Wolff v. McDonnell, 418 U.S. 539, 556 (1974)(citation omitted). A prison classification based on race is "immediately suspect" and is subject to strict scrutiny. Johnson v. California, 543 U.S. 499, 505-506 (2005).  Like race, ethnicity and national origin are suspect classifications.  Johnson, 543 U.S. at 503, 508 (holding

that California's policy of temporarily segregating new inmates or transferees by race, ethnicity, and national origin for up to 60 days was an "express racial classification" triggering strict scrutiny). Strict scrutiny is required "in order to smoke out illegitimate uses of race by assuring that government is pursuing a goal important enough to warrant such a highly suspect tool." Johnson, 543 U.S. at 1147 (internal quotation marks and alteration omitted).

Plaintiff claims that Defendants Allison, Wan, Vasquez and Cate treated Plaintiff, a non-involved white inmate, differently than others similarly situated, based upon race. Plaintiff has not, however, alleged facts that support this conclusion. The facts alleged indicate that similarly situated inmates, the inmates involved in the disturbance, were treated equally. Plaintiff alleges that the Black and White inmates involved in the disturbance were arrested and disciplined. Regarding the non-involved inmates, Plaintiff alleges facts only as to the White inmates. Plaintiff alleges that 40 White inmates were on lockdown for 16 months. There are no facts alleged indicating that non-involved inmates of a different race were treated differently. Plaintiff fails to allege any facts regarding the other non-involved inmates in the same housing unit. Therefore, Plaintiff fails to allege facts sufficient to state a claim.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

**III.   Conclusion**

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claims arise from the decision to place him and other White inmates on lockdown. Plaintiff does not allege any facts indicating that non-involved inmates of a different race were treated differently. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint. Plaintiff is cautioned that he may not change the nature of

4

this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: __**April 17, 2013**__                    __**/s/ Gary S. Austin**__
                                                                  UNITED STATES MAGISTRATE JUDGE