UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DIXON,<br><br>           Plaintiff,<br><br>      vs.<br><br>K. ALLISON, et al.,<br><br>           Defendants. | 1:10-cv-02365-GSA-PC<br><br><u>SECOND SCREENING ORDER</u><br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.    BACKGROUND**

Rick Dixon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 20, 2010. (Doc. 1.)

On January 20, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance. (Doc. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

///

The court screened the Complaint and entered an order on April 17, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On May 20, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 13.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Centinela State Prison in Imperial, California. The events at issue in the First Amended Complaint allegedly occurred at the California Substance

Abuse Treatment Facility (SATF) in Corcoran, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Kathleen Allison (SATF Warden), T. P. Wan (SATF Associate Warden), Captain F. Vasquez, and Matthew Cate (California Department of Corrections and Rehabilitation (CDCR) Secretary) (collectively "Defendants").  Plaintiff's factual allegations follow.

Following a riot at the prison, all non-white inmates who were not involved in the riot received different treatment than Plaintiff and the other thirty-nine white inmates.  Black, Hispanic, and other non-white inmates each enjoyed regular programming, yard, canteen, visiting, full program activities, access to the law library, while the white inmates did not.

Warden Allison participated in the program status conferences and made the final decision not to allow Plaintiff to be released to yard, work, or for other normal activities like all other Black, Asian, Hispanic, and others who were not involved in the incident.  Defendants T. P. Wan and Vasquez also participated in the program decision making process.  By virtue of his position as Secretary of the CDCR, Matthew Cate was indifferent to Plaintiff's health and safety, and he engaged in the formulation of a policy or practice that discriminated against Plaintiff and a similar class of inmates – whites.

Plaintiff was not allowed outdoor exercise and fresh air.  The constant confinement to quarters caused Plaintiff to deteriorate mentally and physically.  Plaintiff required surgery due to his condition caused by no exercise, no sunlight, improper diet, depression, and an eating disorder.

Plaintiff requests monetary damages as relief.

**IV.     PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

///

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A. Supervisory Liability

Plaintiff alleges that defendant Matthew Cate, Secretary of the CDCR, is liable "by virtue of his position," and that defendant Cate "engaged in the formulation of a policy or practice that discriminated against Plaintiff and a similar class of inmates, Whites. . . ."  (First Amd Cmp at 5:19-22.)

Plaintiff is advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 678-79; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);  accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School

Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity or by virtue of their positions, Plaintiff fails to state a claim.

Plaintiff's allegation that defendant Cate formulated a discriminatory policy or practice, without more, fails to state a claim, because Plaintiff has not referred to any policy or practice that was formulated by defendant Cate.

### B.      Equal Protection – Discrimination Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974)(citation omitted).  A prison classification based on race is "immediately suspect" and is subject to strict scrutiny. Johnson v. California, 543 U.S. 499, 505-506 (2005).  Like race, ethnicity and national origin are suspect classifications.  Id. at 508 (holding that California's policy of temporarily segregating new inmates or transferees by race, ethnicity, and national origin for up to 60 days was an "express racial classification" triggering strict scrutiny).  Strict scrutiny is required "in order to smoke out illegitimate uses of race by assuring

that government is pursuing a goal important enough to warrant such a highly suspect tool." Id. at 1147 (internal quotation marks and alteration omitted).

Plaintiff claims that Defendants treated Plaintiff, an involved white inmate, differently from others similarly situated, based upon race. However, Plaintiff has not alleged facts supporting this conclusion. The facts alleged indicate that similarly situated inmates, the inmates involved in the disturbance, were treated equally. There are no facts alleged indicating that involved inmates of a different race were treated differently. Plaintiff fails to allege any facts regarding the other involved inmates of other races in the same housing unit. Therefore, Plaintiff fails to allege facts sufficient to state a claim for violation of his rights to equal protection.

### C.    Adverse Conditions of Confinement – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson, 217 F.3d at 731 (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison

1  represents a constitutional violation. Morgan, 465 F.3d at 1045 (quotation marks omitted). To
2  maintain an Eighth Amendment claim, inmates must show deliberate indifference to a
3  substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v.
4  Ponder, 611 F.3d 1144, 1151–52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812–14 (9th
5  Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost, 152 F.3d at 1128.
6  Deliberate indifference is shown where a prison official "knows that inmates face a substantial
7  risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."
8  Farmer, 511 U.S. at 847. Prison officials' duty under the Eighth Amendment is to ensure
9  reasonable safety, and prison officials may be found free from liability if they responded
10 reasonably to the risk, even if the harm ultimately was not averted. Farmer, 511 U.S. at 847
11 (quotation marks and citations omitted).

12     Inmates have a constitutional right to outdoor exercise under the Eighth Amendment.
13 Thomas, 611 F.3d at 1151-52. No bright line exists in terms of how many hours of out-of-cell
14 exercise per week satisfy the Constitution. Noble v. Adams, 646 F.3d 1138, 1139–41 (9th Cir.
15 2011) (no outdoor exercise or other privileges for approximately sixteen months); Hebbe v.
16 Pliler, 627 F.3d 338, 343–44 (9th Cir. 2010) (inmate permitted out of his cell for only eight
17 hours a week and impermissibly required to choose between exercise and law library access
18 during those hours); Thomas, 611 F.3d at 1151–52 (no out-of-cell exercise for thirteen
19 months); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1211–13 (9th Cir. 2008) (at least two days
20 a week for at least two hours total per week sufficient exercise); LeMaire v. Maass, 12 F.3d
21 1444, 1457–58 (9th Cir. 1993) (no out-of-cell exercise for most of a five-year period); Allen v.
22 Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (in-cell confinement for almost twenty-four hours a
23 day and forty-five minutes of outside exercise per week for a six-week period); Spain v.
24 Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (fewer than five hours of exercise per week and
25 no outdoor exercise for some inmates over a period of years). Short-term, temporary
26 deprivations of exercise without medical effects are not sufficiently serious to support an
27 Eighth Amendment claim, Thomas, 611 F.3d at 1155; Norwood, 591 F.3d 1062, 1070 (9th Cir.
28 ///

1  2010); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); Allen, 48 F.3d at 1088, but the
2  deprivation of exercise for a period of six weeks can support a claim, Allen at 1088.

3        Plaintiff alleges that he was confined to quarters and was not allowed outdoor exercise,
4  fresh air, or an adequate diet, causing him to deteriorate mentally and physically, resulting in a
5  need for surgery.  Plaintiff has not alleged sufficient facts to state an Eighth Amendment claim.
6  As Plaintiff was advised in the court's prior screening order, detailed factual allegations are not
7  required, but "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim
8  that is plausible on its face,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), and
9  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
10 level," Twombly at 554.  (Doc. 12 at 4:19-20, 5:5-6.)  Plaintiff fails to allege how long he was
11 confined to quarters, whether he was denied all outdoor exercise during his confinement, the
12 extent of his physical and mental injuries, how his diet was inadequate, or how his confinement
13 resulted in a need for surgery.  Moreover, Plaintiff has not alleged facts demonstrating that any
14 of the defendants acted or failed to act while knowing of, and deliberately disregarding, a
15 substantial risk of serious harm to Plaintiff.

16       Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment for
17 denial of outdoor exercise and adequate diet.  Plaintiff shall be granted leave to file an amended
18 complaint.

19 **V.    CONCLUSION AND ORDER**

20       The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon
21 which relief can be granted under § 1983 against any of the defendants.  In this action, the
22 Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance
23 by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the
24 defendants which state a claim under § 1983.  However, in light of the fact that Plaintiff has
25 brought a new claim in the First Amended Complaint for adverse conditions of confinement,
26 the court shall allow Plaintiff another opportunity to amend the complaint.  Under Rule 15(a) of
27 the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so
28 requires.'"  Fed. R. Civ. P. 15(a).

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after December 20, 2010. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on November 20, 2010.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on May 20, 2013, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-02365-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **January 24, 2014**                                **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE