**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICK DIXON, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN ALLISON, <br><br> Defendant. | Case No.: 1:10-cv-02365-SAB (PC) <br><br> ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM LOCAL RULE 230(l) <br><br> (ECF No. 37) |

Plaintiff Rick Dixon is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case currently proceeds on Plaintiff's fourth amended complaint against Defendant Allison for unconstitutional conditions of confinement in violation of the Eighth Amendment, denial of the right to religious expression in violation of the First Amendment, and denial of access to the courts in violation of the First Amendment.

On November 18, 2016, Defendant filed a notice of motion and motion to dismiss. (ECF No. 36.) Defendant also declined to proceed before a United States Magistrate Judge. (ECF No. 38.) Consequently, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Defendant's request for relief from Local Rule 230(l). (ECF No. 37.) Defendant argues that Local Rule 230(l) expressly applies only to "actions wherein one party is incarcerated." (Id. at 1.) Now that Plaintiff is no longer incarcerated, Defendant requests "relief" from Local Rule 230(l). Defendant has also noticed her motion to dismiss for December 21, 2016 at 10:00 a.m. in Courtroom 9. (ECF No. 36, p.1.)

Local Rule 230(l) provides as follows:

> Motions in Prisoner Actions. All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without

> oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

L.R. 230(l). Although Local Rule 230(l) expressly apples to cases in which a party is incarcerated and proceeding pro se, it is this Court's general practice to apply the rule to cases involving former prisoners as well. See L.R. 102(d) (the Court may in its discretion make orders that supplement the local rules as deemed appropriate in the interests of justice and case management). The Court does not find any need to vary from that practice in this case.

Also, although Defendant was not specific in her request for relief, to the extent she seeks to have the motion to dismiss noticed for oral argument, that request is specifically denied. As stated in Local Rule 230(l), the Court will order oral argument if deemed necessary. The parties are instructed to comply with the briefing schedule set forth in Local Rule 230(l), and Defendant's motion to dismiss, filed November 18, 2016, will be deemed submitted on the papers when the time to reply has expired.

IT IS SO ORDERED.

Dated:   **November 22, 2016**

UNITED STATES MAGISTRATE JUDGE