# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DIXON,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>    Defendant. | Case No. 1:10-cv-02365-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(ECF Nos. 36, 44)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Rick Dixon is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Defendant K. Allison ("Defendant") declined United States Magistrate Judge jurisdiction; therefore, this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

Currently before the Court is Defendant's motion to dismiss the fourth amended complaint, filed on November 18, 2016. (ECF No. 36.)

## I.

## RELEVANT HISTORY

This case currently proceeds on Plaintiff's fourth amended complaint against Defendant for unconstitutional conditions of confinement for denial of outdoor exercise in violation of the

---
[1] Defendant declined United States Magistrate Judge jurisdiction on November 18, 2016. (ECF No. 38.)

1

Eighth Amendment, denial of the right to religious expression in violation of the First Amendment, and denial of access to the courts in violation of the First Amendment.

On December 20, 2010, Plaintiff filed the instant action alleging that he was discriminated against on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 1.) On April 17, 2013, an order was entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 12.) Plaintiff filed a first amended complaint alleging an equal protection claim and an Eighth Amendment conditions of confinement claim based on the denial of outdoor exercise. (ECF No. 13.) On January 27, 2014, an order was entered dismissing the first amended complaint and granting Plaintiff leave to file a second amended complaint. (ECF No. 15.) Plaintiff filed a second amended complaint on May 8, 2014, and a third amended complaint on November 10, 2014. (ECF Nos. 21, 25.) The third amended complaint set forth Plaintiff's equal protection claim, a claim that the conditions of his confinement while on modified program violated the Eighth Amendment because of a denial of exercise, a claim that he was denied access to the courts in violation of the First Amendment, and a claim that he was denied the right to freely exercise his religious beliefs in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. (ECF No. 25.)

On April 6, 2016, an order was entered finding that Plaintiff stated a claim for relief on his Eighth Amendment conditions of confinement claim against Defendant for denial of exercise. (ECF No. 28.) The Court dismissed, without leave to amend, Plaintiff's claim of racial discrimination in violation of the Equal Protection Clause. (ECF No. 28.) The Court found that Plaintiff failed to state a claim for relief on his First Amendment religious expression claim, his claim pursuant to RLUIPA, and his access to courts claim. (ECF No. 28.) The Court provided Plaintiff with an opportunity to either proceed on the Eighth Amendment claim or file an amended complaint that corrects the deficiencies as to Plaintiff's religious expression and access to courts claims. (ECF No. 28.)

On May 19, 2016, Plaintiff filed a fourth amended complaint. (ECF No. 31.) On August 1, 2016, the Court found that this action shall proceed on Plaintiff's claims of unconstitutional

conditions of confinement for denial of outdoor exercise in violation of the Eighth Amendment ("exercise claim"), denial of the right to religious expression in violation of the First Amendment ("religious expression claim"), and denial of access to the courts in violation of the First Amendment ("access to courts claim"). (ECF No. 32.)

Plaintiff then submitted documents for service, and the Court ordered service on Defendant. (ECF Nos. 33, 34.) Defendant returned the waiver of service. (ECF No. 35.)

As previously stated, on November 18, 2016, Defendant filed a motion to dismiss the fourth amended complaint. (ECF No. 36.) Defendant also filed a request for relief from Local Rule 230(l). (ECF No. 37.) On November 22, 2016, the Court denied Defendant's request to the extent she sought to have the motion to dismiss noticed for oral argument. (ECF No. 40.)

On December 16, 2016, Plaintiff filed a motion for an extension of time to file his opposition to the motion to dismiss. (ECF No. 40.) On December 20, 2016, the Court granted Plaintiff's motion for an extension of time and Plaintiff was ordered to file his opposition within thirty days of the date of service of the order. (ECF No. 43.) Plaintiff did not file an opposition. On January 31, 2017, Defendant filed a declaration of counsel in lieu of reply. (ECF No. 44.)

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969

(9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III.

## DISCUSSION

### A. Summary of Plaintiff's Fourth Amended Complaint

Plaintiff alleges that on July 25, 2008, there was a prison disturbance involving black and white inmates. As a result, Plaintiff alleges that inmates were placed on a modified program, and issued monthly Program Status Reports (PSRs) regarding the status of the modified program. Plaintiff alleges that Defendant was responsible for implementing the modified program while he was at the Substance Abuse Treatment Facility (SATF) at Corcoran.

Plaintiff alleges that the denial of exercise for seventeen months during the modified program violated his Eighth Amendment rights. He alleges that he did not have outdoor exercise during the modified program, and his muscles became atrophied, he had muscle spasms, and he had stomach, lower back, and neck cramps every day that affected his regular activities. He also alleges that the inactivity and lack of vitamin D caused him to need surgery to remove five or more inches of his colon.

Plaintiff alleges that the PSRs denied completely Catholic mass, confessional, and communion during the time Plaintiff was held in segregation for over 330 days. Plaintiff alleges that whenever he came into contact with staff, he asked to speak with the Catholic chaplain, in order to obtain his assistance in receiving access to mass, confession, and communion. Plaintiff's request was granted once, and the chaplain informed Plaintiff that the Warden prohibits Catholic mass, confessional, and communion during modified program. Plaintiff alleges that he sincerely asserts and holds that these traditional exercises of mass, communion,

4

1 and confessional cannot be conducted by a priest standing outside his cell door, and that these tenets are greatly important to him.

Plaintiff alleges Defendant's action to prohibit GLU access to courts hindered Plaintiff's efforts to pursue a temporary restraining order or preliminary injunction to order Defendant Allison's staff to grant Plaintiff access to outdoor exercise and religious access to Catholic services. Plaintiff alleges that he could not file grievances, temporary restraining orders, or legal actions. Plaintiff specifically alleges that he could not gain access to file a lawsuit to challenge the modified program.

### B. Findings on Defendant's Motion to Dismiss

Defendant moves to dismiss this action on the grounds that 1) the access to courts claim and religious expression claim are time barred; 2) Plaintiff does not sufficiently state a claim for his access to courts claim; 3) the official capacity claims should be dismissed; and 4) Defendant is entitled to qualified immunity for the exercise claim. Plaintiff did not file an opposition to the motion to dismiss.

1. <u>Statute of Limitations</u>

Defendant argues that Plaintiff's religious expression and access to courts claims are barred by the statute of limitations.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones,

393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1; see also Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998) (per curium).

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03.

If running of the statute of limitations is apparent on the face of a complaint, a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6). Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations and quotation marks omitted); see also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001) (stating that, "only in the rare case" could the analysis of California's equitable tolling doctrine proceed at the pleading stage).

Defendant argues that Plaintiff's access to courts and religious expression claims accrued between December 24, 2008, and November 9, 2009, the time that Plaintiff alleges he was

subject to the modified program at SATF. Plaintiff indicates in the fourth amended complaint that he arrived at SATF on December 24, 2008, at which time he was placed into segregation.[2] (ECF No. 31 at 5.) He alleges that he was in segregation until November 9, 2009. (Id.) He indicates that he suffered harms from December 25, 2008, through November 9, 2009. (Id. at 7.) Therefore, it is apparent on the face of Plaintiff's complaint that his access to courts and religious expression claims accrued on November 9, 2009, at the latest.

Plaintiff was incarcerated for a term short of life on the date that the claims accrued.[3] Therefore, under section 352.1 and Martinez, statutory tolling applies and the effective statute of limitations for Plaintiff's claims is four years. Therefore, as the claims accrued in November 2009, the limitations period would have expired in November 2013.

Upon a review of Plaintiff's complaint, first amended complaint, second amended complaint, and third amended complaint, the Court finds that Plaintiff did not allege his religious expression claim or access to courts claim until filing the third amended complaint on October 6, 2014.[4] (ECF Nos. 1, 13, 21, 25.) As Plaintiff's third amended complaint was filed on October 6, 2014, and the limitations period for Plaintiff's religious expression and access to courts claims would have expired in November 2013, those claims are barred by the statute of limitations unless there is equitable tolling or relation-back to a timely complaint.

The Court next reviews whether Plaintiff is entitled to equitable tolling for the exhaustion of his administrative remedies. On December 17, 2009, the third level of the administrative appeals process responded to Plaintiff's grievance.[5] (ECF No. 31 at 2, 37-38.) The Court notes

---

[2] In another section of the fourth amended complaint, Plaintiff indicates that he arrived at SATF on December 14, 2008. (ECF No. 31 at 11.) However, he consistently alleges that he was put into segregation on December 24, 2008.

[3] Plaintiff was incarcerated until approximately June 18, 2015, the date he sent the Court his change of address form. (ECF No. 26.)

[4] Plaintiff's third amended complaint was filed on October 6, 2014, with application of the mailbox rule. ECF No. 25; see Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) ("[T]he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners.") (citing Houston v. Lack, 487 U.S. 266, 275-276 (1988)).

[5] The Court notes that this is the only grievance that Plaintiff alleges he filed concerning the facts contained in his complaints. Plaintiff states the steps he took to exhaust this grievance and attaches the responses for this grievance at the first, second, and third level. (ECF No. 31 at 2, 18-32, 37-38.)

that Plaintiff's grievance did not specifically mention Plaintiff's access to court and religious expression issues. Plaintiff had only discussed the modified program broadly and the denial of exercise in his administrative grievance. However, even if Plaintiff is entitled to equitable tolling on his access to courts and religious expression claims for the administrative grievance, the claims were only tolled until December 17, 2009. Therefore, Plaintiff would have had until December 17, 2013, to file his religious expression claim and access to courts claim. However, Plaintiff did not raise these claims until October 6, 2014. Thus, even if Plaintiff is entitled to equitable tolling for the time he was exhausting his administrative remedies, the religious expression claim and access to courts claim are time-barred unless they relate back to one of the complaints that were filed within the limitations period.

"An otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading." ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014). "[B]ecause the limitations period derives from state law, Rule 15(c)(1) requires [the court] to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." Butler v. National Community Renaissance of California, 766 F.3d 1191, 1201 (9th Cir. 2014) (quoting Coons v. Indus. Knife Co., 620 F.3d 38, 42 (1st Cir. 2010)).

Here, Plaintiff's second amended complaint was filed on May 3, 2014, pursuant to the mailbox rule, which is after the limitations period expired. Plaintiff's first amended complaint was filed on May 15, 2013, and the original complaint was filed on December 15, 2010. Therefore, the original complaint and first amended complaint were filed within the limitations period. The only claims that were filed in the original complaint and the first amended complaint involved outdoor exercise and an equal protection claim based on the white inmates who were not involved in the riot being treated differently from the non-white inmates who were not involved in the riot.

Federal Rule of Civil Procedure 15(c)(1)(B) provides the federal standard for when a pleading asserting a new claim relates back to the original pleading. When an amended complaint seeks to add a new claim, the amended complaint will relate back to the date the

original complaint was filed if the new claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

"An amended claim arises out of the same conduct, transaction, or occurrence if it will likely be proved by the same kind of evidence offered in support of the original pleading." ASARCO, LLC, 765 F.3d 999, 1004 (citations and internal quotation marks omitted). "The relation back doctrine of rule 15(c) is liberally applied." Id. (citing Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982)). To relate back, the two pleadings must share a common core of operative facts, so that defendants are adequately put on notice of the charges against them. ASARCO, LLC, 765 F.3d at 1004 (quoting Martell v. Trilogy Ltd., 872 F.2d 322, 325 (9th Cir. 1989)).

The exercise claim and equal protection claim ("original claims") did not put Defendant on notice of the facts that formed the basis of the access to court claim and religious expression claim. All of the claims are related to the modified program. However, much of the evidence for the original claims is different from the evidence for the access to courts and religious expression claims. There is also no common core of operative facts between the original claims and the religious expression claim or the original claims and the access to courts claim. Plaintiff's original complaint and first amended complaint put Defendant on notice that Plaintiff believed he was unconstitutionally denied outdoor exercise during the modified program and that the whites who were subject to the modified program were discriminated against on the basis of their race. Defendant was put on notice of any claims related to outdoor exercise during the modified program and that whites were allegedly discriminated against during the modified program, but not other claims involving access to courts and religious expression. Therefore, the Court finds that the access to courts claim and religious expression claim do not relate back under federal law to the timely original complaint or timely first amended complaint.

An amended complaint relates back to the original complaint under California law "if the amended complaint...(1) rest[s] on the *same general set of facts*, (2) involve[s] the *same injury*, and (3) refer[s] to the *same instrumentality*, as the original one." Norgart v. Upjohn Co., 21 Cal.

4th 383, 408-09 (1999) (emphasis in original).

The religious expression claim, access to court claim, and exercise claim all involve different injuries. The religious claim injury is the inability to practice religion, the access to court claim injury is the inability to access the courts, the exercise claim injury is the denial of outdoor exercise, and the equal protection claim injury is racial discrimination for conditions during the lockdown.[6] Therefore, the religious expression and access to court claims have different injuries from the equal protection and exercise claims. The Court finds that the access to the court claim and religious expression claim do not relate back under California law to the timely original complaint or first amended complaint.

Therefore, the Court does not find that the access to court and religious expression claims relate back to the original complaint or first amended complaint, which are the only timely filed pleadings in this action. Thus, the Court finds that Plaintiff's access to courts and religious expression claims, which were first asserted in the third amended complaint, are barred by the statute of limitations. Accordingly, the Court recommends that Defendant's motion to dismiss the access to courts claim and religious expression claims as barred by the statute of limitation be granted.[7]

2. Monetary Claims Against Defendant in Official Capacity

Defendant argues that Plaintiff's official capacity claims against her are barred by the Eleventh Amendment. The Court agrees.

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

In the operative complaint, Plaintiff seeks monetary damages against Defendant and

---

[6] The Court notes that Plaintiff did not allege that his equal protection rights were violated based on his inability to access the court or inability to practice his religion.

[7] As the Court finds that Plaintiff's access to courts claim should be dismissed because it is barred the statute of limitations, the Court declines to address Defendant's argument that the fourth amended complaint does not state a cognizable claim for denial of access to courts.

brings claims against Defendant in both her individual and official capacities.[8] To the extent Plaintiff seeks to pursue official capacity claims for monetary damages against Defendant, who was an employee of California Department of Corrections and Rehabilitation (a state agency) acting in her official capacity, such claims are barred by the Eleventh Amendment and must be dismissed. Accordingly, the Court recommends that Defendant's motion to dismiss all claims for monetary damages against her in her official capacity be granted.

### 3. Qualified Immunity

Defendant argues that she is entitled to qualified immunity on Plaintiff's exercise claim because she "reasonably, lawfully enact[ed] modified programs in response to serious, ongoing threats." (ECF No. 36-1 at 11:9-10.) She contends that she could not have known that her role in implementing the 2008 modified program, which denied outdoor exercise to certain inmates, such as Plaintiff, in response to numerous incidents of inmate violence, violated Plaintiff's clearly established constitutional rights.

Qualified immunity is "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted). Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving the claim of qualified immunity, the Court must determine whether, taken in

---

[8] The order finding that the fourth amended complaint states a claim for relief and directing service of process did not specifically address whether Plaintiff's claims against Defendant that are going forward in this action were in Defendant's individual and/or official capacity.

11

the light most favorable to Plaintiff, Defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller, 576 F.3d at 993. The district court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't. 556 F.3d 1075, 1085 (9th Cir. 2009)).

Although a defendant may raise a qualified immunity defense at early stages in the proceeding, courts have recognized that the defense is generally not amendable to dismissal under Rule 12(b)(6), because facts necessary to establish this affirmative defense generally must be shown by matters outside the complaint. See Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999). On a motion to dismiss, a court must accept the allegations in the complaint as true when determining whether a defendant is entitled to immunity. See Butler v. San Diego Dist. Attorney's Office, 370 F.3d 956, 963 (9th Cir. 2004). However, a court may also consider exhibits submitted with the complaint on a motion to dismiss. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

The Court first considers whether taken in the light most favorable to Plaintiff, Defendant's conduct violated a constitutional right. Saucier, 533 U.S. at 201. The Court previously found that Plaintiff stated an Eighth Amendment conditions of confinement claim against Defendant for the denial of outdoor exercise. (ECF Nos. 28, 32.) Plaintiff alleges that he was denied outdoor exercise for ten and a half months during the modified program. In Allen v. Sakai, 48 F.3d 1082, 1084 (9th Cir. 1994), the Ninth Circuit stated that after its decisions in Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979) and Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986), "defendants cannot legitimately claim that their duty to provide regular outdoor exercise to [the inmate] was not clearly established." Plaintiff alleges that Defendant was responsible for implementing the modified program. Taken in the light most favorable to Plaintiff, he has sufficiently alleged a cognizable claim against Defendant for denial of exercise

in violation of the Eighth Amendment. Next, the Court considers whether the constitutional right was clearly established. Saucier, 533 U.S. at 201.

The Ninth Circuit has previously held that for qualified immunity purposes, the right to outdoor exercise in the midst of severe ongoing prison violence was not clearly established in 2002-2003. Norwood v. Vance, 591 F.3d 1062, 1068 (9th Cir. 2009), cert. denied, 562 U.S. 1215 (2011). In that case, the plaintiff had claimed that prison officials denied him outdoor exercise over the course of two years during four separate extended lockdown periods of three, three, four and half, and two months in duration. Id. at 1065. Prison officials had imposed the lockdowns after serious inmate assaults on staff and gradually eased restrictions on specific gangs and ethnic and racial groups, restoring outdoor exercise for inmates who they considered less likely to engage in violence. Id. Nonetheless, inmate-on-inmate attacks continued to take place. Id. Under those circumstances, the court held that the defendant prison officials were entitled to qualified immunity, noting that they had substantial reasons for imposing the lockdowns. Id. The court also explained that the right of prisoners to outdoor exercise is not absolute or indefeasible in the face of prison violence, and that the plaintiff had not offered any evidence showing that prison officials had imposed the lockdowns for punitive reasons or in bad faith. Id. at 1068–69. The court concluded that "prison officials can reasonably believe it is lawful to temporarily restrict outdoor exercise to help bring the violence under control." Id. In this regard, the court observed that prison officials must balance their duty to keep inmates safe from each other with their obligation to provide outdoor exercise. Id. Based on these considerations and others, the court concluded that a reasonable prison official could have believed that restricting a prisoner's outdoor exercise was consistent with the dictates of the Eighth Amendment because no authority had clearly established the contrary. Id. at 1070.

Similarly, in Noble v. Adams, 646 F.3d 1138 (9th Cir. 2011), the court held that prison officials were entitled to qualified immunity on a prisoner's claim based on the denial of outdoor exercise during a lockdown following a prison riot. In Noble, an armed riot between African American inmates and correctional staff took place at the Substance Abuse Treatment Center—Corcoran State Prison, and the warden declared a state of emergency (approved by the Director

of Corrections), locking down the entire prison. Id. at 1139-40. Twenty-one staff members were injured, and nine were taken to the hospital following the riot. Id. at 1140. Prison officials found numerous inmate-manufactured weapons on the exercise yards. Id. The riot took place one day after prison officials had lifted a previous prison-wide lockdown. Id. Three months later, prison officials gradually returned prisoners to normal programming in measured stages. Id. Within seven months of the riot, all inmates had access to a modified program for outdoor exercise, but another riot took place thereby thwarting efforts to restore full exercise privileges until several months thereafter. Id. at 1141. The plaintiff claimed that prison officials had violated his right to outdoor exercise under the Eighth Amendment. Id. at 1141. In this context, the Ninth Circuit held that

> it was not clearly established in 2002—nor is it established yet [in 2011]—precisely how, according to the Constitution, or when a prison facility housing problem inmates must return to normal operations, including outside exercising, during and after a state of emergency called in response to a major riot, here one in which inmates attempted to murder staff.

Noble, 646 F.3d at 1143.

Numerous courts have granted qualified immunity to prison officials on motions for summary judgment where prisoners were not provided outdoor exercise in light of ongoing violence at a prison or the violent circumstances at a prison. See, e.g., Negrete v. Lewis, 585 Fed. Appx. 364 (9th Cir. Oct. 7, 2014) (unpublished) ("The district court properly granted summary judgment on the basis of qualified immunity because during his two-year placement [2009-2011] in the prison's modified program, it would not have been clear to a reasonable prison official in defendant's position that the curtailment of certain privileges and services, including exercise for varying periods of time, in response to repeated incidents of prison violence, was unconstitutional")[9]; Arline v. Clark, 1:11-cv-00420-LJO-SAB, 2016 WL 6124235, at *9-*10 (E.D. Cal. Oct. 19, 2016) (prison officials entitled to qualified immunity on prisoner's denial of outdoor exercise claim because of the absence of clearly established law in 2009 about

---

[9] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

14

how and under what circumstances prison officials were constitutionally required to provide Plaintiff with outdoor exercise in light of ongoing violence at prison); Gomez v. McDonald, No. 2:11-cv-0649 KJM DAD P, 2015 WL 5435256, at *39 (E.D. Cal. Sept. 15, 2015) (prison officials entitled to qualified immunity on prisoner's denial of outdoor exercise claim for not receiving outdoor exercise for almost because of the absence of clearly established law in 2009-2010 about how and under what circumstances prison officials were constitutionally required to provide plaintiff with outdoor exercise in light of ongoing violence at prison); Arline v. Gower, No. 2:11–cv–3414 WBS KJN P, 2014 WL 3687497, *16 (E.D. Cal. July 23, 2014) (prison officials were entitled to qualified immunity from a prisoner's denial of outdoor exercise claim because of the absence of established law in 2011 clarifying when and under what circumstances a security-based lockdown becomes unconstitutional); Crane v. McDonald, No. 2:11–cv–0663 KJM CKD P, 2014 WL 2716484, at *15 (E.D. Cal. June 16, 2014) (prison official was entitled to qualified immunity from a prisoner's denial of outdoor exercise claim due to the absence of established law in 2008–2010 clarifying at what point a security-based lockdown becomes unconstitutional); Hayes v. Dovey, 914 F.Supp.2d 1125, 1144 (S.D. Cal. 2012) (prison officials were entitled to qualified immunity from a prisoner's denial of outdoor exercise claim because of the absence of established law in 2005-2006 that restricting the prisoner's outdoor exercise was unlawful in light of the undisputed evidence in the case); Knight v. Evans, No. C 06–00887 SBA (PR), 2009 WL 1916879, at *10 (N.D. Cal. July 1, 2009) (prison officials were entitled to qualified immunity because "it would not be clear to a reasonable prison official that it was unlawful to temporarily curtail Plaintiff's outdoor exercise for 144 days" given the violent conditions at the prison, including attempted murder, assault on inmates, assaults on staff, and discovery of contraband narcotics and weapons).

However, the instant motion is a motion to dismiss, not a motion for summary judgment. In Norwood, the Ninth Circuit considered " 'whether it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted.*' " Norwood, 591 F.3d at 1068 (quoting Saucier, 533 U.S. at 201-02) (emphasis added by Norwood court).

In the present case, the deprivation of out-of-cell exercise lasted for approximately ten

1 and a half months, from December 24, 2008, through November 9, 2009.  In Plaintiff's fourth
2 amended complaint, he refers to the incident that triggered the modified program as a "melee."
3 (ECF No. 31 at 11.)  Plaintiff also refers to an incident in January 2009 where 1 black inmate and
4 1 white inmate had a fist fight during shower time.  (ECF No. 31 at 22.)

5      Defendant asserts that the appeal responses attached to the fourth amended complaint
6 explain that the prison made attempts to lift the modified program restrictions, but this led to
7 further assaults.  Defendant also argues that the PSRs attached to the fourth amended complaint
8 show multiple instances of violence at SATF, including a battery on June 30, 20009, and riots in
9 June and August of 2009.  Plaintiff attached PSRs and the responses to his administrative appeals
10 to the fourth amended complaint.  (ECF No. 31 at 24-25, 27-28, 33-38.)  The Court cannot make
11 any determinations about the context of Defendant's decisions to order and continue the
12 modified program at this time on the record before the Court.  See Arline v. Gower, No. 2:11-cv-
13 3414 KJN P, 2013 WL 394737, *6 (E.D. Cal. Jan. 30, 2013) (finding that "the assessment of the
14 constitutionality of denying outdoor exercise pursuant to a given lockdown or modified program
15 is too fact-dependent to resolve on a motion to dismiss"); Jones v. Cannedy, No. 2:10-cv-2174
16 KJM KJN P, 2012 WL 3260457, *10 (E.D. Cal. Aug. 8, 2012) (same).  The Court finds that the
17 determination of qualified immunity on Plaintiff's exercise claim is too fact-dependent to resolve
18 on the instant motion to dismiss.  At this stage, the PSRs and responses to administrative appeals
19 merely show that those were the statements made by prison officials, but not that those events
20 actually occurred.  Id.  Therefore, the Court finds that under the circumstances as alleged at the
21 pleading stage, Defendant is not entitled to qualified immunity.

22      Accordingly, the Court recommends that Defendant's motion to dismiss the exercise
23 claim on the ground that she is entitled to qualified immunity be denied without prejudice to
24 being raised at a later stage in these proceedings.
25 / / /
26 / / /
27 / / /
28 / / /

## IV.

## RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss be GRANTED in part and DENIED in part as follows:

1. Defendant's motion to dismiss the religious expression and access to courts claims as barred by the statute of limitations should be granted;

2. Defendant's motion to dismiss the official capacity claims for monetary damages should be granted;

3. Defendant's motion to dismiss the exercise claim on the ground that Defendant is entitled to qualified immunity should be denied without prejudice to being raised at a later stage in these proceedings; and

4. Defendant's religious expression claim, access to courts claim, and official capacity claims for monetary damages should be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 2, 2017**__

UNITED STATES MAGISTRATE JUDGE